IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CINDY KAYE BANNISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-116 |
| | ) | |
| MARTIN O'MALLEY, Commissioner of | ) | |
| Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff appeals the decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff protectively applied for DIB and SSI on September 20, 2021, alleging a disability onset date of August 5, 2021.  Tr. ("R."), pp. 17, 226.  Plaintiff was fifty-five years old at her

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Martin O'Malley, Commissioner of Social Security Administration, as the proper Defendant.

alleged disability onset date and was fifty-seven years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 27, 229, 236. Plaintiff alleged disability based on the following conditions: blood clots throughout Plaintiff's body, including in and on her heart, legs, and lungs; stress; chronic back pain; and COVID-19, which she experienced in August 2021. R. 253. Plaintiff completed high school and three years of college, R. 254, and, prior to her alleged disability date, accrued a history of past work including as a computer specialist at a university, a manager for a landscaping company, a home care provider for the elderly, a call center employee for an internet provider, and an office administrator at various companies. R. 254, 259, 288.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 89-124. Plaintiff requested a hearing before an ALJ, R. 157, and ALJ Ashley Bumgarner held a hearing on March 30, 2023, R. 32. Represented by counsel, Plaintiff appeared by teleconference and testified, as did a vocational expert ("VE"), Gail Jarrell. R. 32-88. On May 5, 2023, the ALJ issued a decision finding Plaintiff not disabled. R. 14-27.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 5, 2021, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

2. The claimant has the following severe impairments: long COVID with history of history of [sic] deep vein thrombosis and pulmonary emboli; pulmonary hypertension; lumbar spondylosis and grade 2 spondylolisthesis of L5-S1; obesity; Factor V Leiden mutation (20 CFR 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can sit for six hours and stand/walk for two hours in an eight-hour workday.[2] She can lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently. She can occasionally balance as defined in the SCO, and can occasionally stoop, kneel, crouch, and crawl. She can occasionally climb ramps and stairs but should not climb ladders, ropes or scaffolds. She should have no more than occasional exposure to workplace hazards such as moving mechanical parts or unprotected heights, pulmonary irritants such as fumes, odors, gases, or poor ventilation, and wetness.
>
> The claimant is capable of performing past relevant work as a Telemarketer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

R. 19-27.

Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from August 5, 2021, the amended alleged onset date, through the date of the ALJ's decision. R. 27. When the Appeals Council denied Plaintiff's request for review of the ALJ's decision, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review, 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand, arguing the RFC is not supported by substantial evidence and the hypothetical question posed to the VE was incomplete. (See doc. no. 9, "Pl.'s Br.") The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. (See doc. no. 10.)

---

[2] "Sedentary work" is defined as:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a).

3

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.    DISCUSSION

Plaintiff argues the record supports additional limitations in Plaintiff's RFC, which would render her unable to perform her past relevant work as a Telemarketer. Pl.'s Br., pp. 13-17. The ALJ found Plaintiff had the RFC to perform sedentary work but imposed several limitations to account for Plaintiff's physical impairments. R. 25. Plaintiff believes this RFC is not supported by substantial evidence because the "ALJ addressed Plaintiff's complaints of hand weakness and tingling as well as her requirement for frequent restroom breaks only in a cursory or summary manner." Pl.'s Br., p. 13. Plaintiff also argues the ALJ failed to include all of Plaintiff's impairments in the hypothetical question posed to the VE, which the ALJ then relied on to find Plaintiff not disabled. Id. at 17-19. The Court finds the ALJ's decision is supported by substantial evidence and should be affirmed.

#### A.    Formulating Plaintiff's RFC

##### 1.    Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused

5

by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to her past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### 2. Evaluating Subjective Complaints

As part of formulating the RFC, the ALJ must evaluate a claimant's subjective complaints, for which the Eleventh Circuit has established a three-part standard of evaluation. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and

adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)).

In doing so, the ALJ is not judging a claimant's credibility or character for truthfulness, but rather "whether the 'individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.'" Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1308 (11th Cir. 2018) (quoting SSR 16-3p, 2016 WL 1020935, at *14170 (orig. publ. Mar. 16, 2016)).  Social Security Ruling 16-3p clarifies "that subjective symptom evaluation is not an examination of an individual's character . . . [but rather is an evaluation of] the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . ." SSR 16-3p, 2016 WL 1020935, at *14167.

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence.

Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[3]  As courts within this Circuit have explained,

> SSR 16–3p also expressly provides that the ALJ may not make conclusory statements about having considered the symptoms, or merely recite the factors described in the regulations.  Rather, the determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent, and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

Ring v. Berryhill, 241 F. Supp.3d 1235, 1251 (N.D. Ala. 2017), *aff'd sub nom*. Ring v. Soc. Sec. Admin., Comm'r, 728 F. App'x 966 (11th Cir. 2018) (*per curiam*); see also Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) ("Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection. . . .")  When reviewing the ALJ's credibility determination, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."  Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011) (*per curiam*).

### 3. Plaintiff's RFC is Supported by Substantial Evidence

Plaintiff's first argument arises from the ALJ's use of evidence in formulating the RFC, specifically concerning tingling and numbness in Plaintiff's hands and her need for frequent restroom breaks due to medication she takes.  Pl.'s Br., p. 13.  The ALJ did not include limitations in the RFC for either of these claimed issues.  See R. 23-26.  Plaintiff argues the ALJ's failure to include such limitations in the ultimate RFC assessment was error.  Pl.'s Br., p. 13-16.

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> The ALJ's discussion of these complaints by Plaintiff states, in relevant part:
>
> The claimant alleged she could not work because of chest pain, difficulty breathing, constant shortness of breath with minimal exertion, numbness and tingling in her hands and feet, poor circulation, back pain, poor memory, difficulty focusing, weakness, insomnia, muscle aches, dizzy spells, bilateral hand tremors, and difficulty completing tasks.  She noted she had "no strength" in her hands and dropped "everything."  She reported imbalance and frequent falls.  When questioned regarding her functional capacity, she related she could not stand for 4 hours, could not sit for prolonged periods, could walk for only 3-5 minutes without stopping, could lift up to 10 pounds, would frequently be absent from work, and would need additional unscheduled restroom breaks every hour due to frequent urination caused by Lasix.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> . . .
>
> [O]n September 27, 2022, the claimant . . . complained of . . . tingling to hands and feet . . . since her hospitalization for COVID one year earlier.  Physical examination was unremarkable. . . . She was told to return in one year.
>
> . . .
>
> Despite the claimant's allegation that she had "no strength" in her hands and dropped "everything," there is little to no treatment in the record for complaints related to her hands.  There is a note in the consultative examination that the claimant's grip strength was 4/5, and there is a complaint of tingling to hands and feet noted on September 27, 2022, but otherwise there is no treatment in the record for the claimant's alleged hand problems.  In addition, x-rays of both hands were negative. Without corroborating complaints of hand limitations in the record, there is no reason to limit the claimant's handling and/or fingering in my assessment of the residual functional capacity.  In addition, despite the claimant's allegation of imbalance and frequent falls, she does not use a handheld assistive device.  Thus, a requirement that she use a handheld assistive device is not necessary in my assessment of the claimant's residual functional capacity.  Further, the claimant's complaint of frequent urination is unsupported by the record; therefore, I have not included additional unscheduled breaks in my assessment of the residual functional capacity.

R. 22-25 (citations omitted).

First, addressing the tingling and numbness in Plaintiff's hands, Plaintiff argues the ALJ's RFC assessment failed to account for consultative examiner Dr. Brown's assessment of Plaintiff's extremity strength and grip and pinch strength, which he rated a "4/5." Pl.'s Br., p. 13-16. Evaluating Dr. Brown's opinion, the ALJ found, in relevant part:

> On March 17, 2022, Reginald Brown, MD, performed a consultative examination of the claimant for disability assessment purposes. The claimant . . . had full range of motion of both wrists, elbows, shoulders, ankles, knees, and hips. . . . Motor strength was 4/5 in the upper and lower extremities. Grip strength was 4/5 bilaterally. She did show evidence of early fatigue of her muscles. . . . Following examination, Dr. Brown opined the claimant was capable of performing work of mild to moderate intensity. I found Dr. Brown's opinion unpersuasive. His opinion is nonspecific with regard to exertional limitations.

R. 25 (citation omitted).

To start, even if the ALJ had found Dr. Brown's opinion persuasive, the ALJ was not required to fully incorporate that opinion into the RFC. The RFC "is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." Beegle v. Soc. Sec. Admin., Com'r, 482 F. App'x 483, 486 (11th Cir. 2012); Nichols v. Kijakazi, No. 320-CV-224, 2021 WL 4476658, at *8 (M.D. Ala. Sept. 29, 2021) ("The ALJ was under no obligation to adopt verbatim all of [the doctor's] limitations into the RFC.") Indeed, per the regulations, the ALJ cannot defer or give any specific evidentiary weight to any medical opinion. 20 C.F.R. § 416.920c(a). Instead, the ALJ is to examine the persuasiveness of medical opinions and formulate an RFC that is supported by substantial evidence. Plaintiff does not point to any error in how the ALJ addressed Dr. Brown's opinion. The error described is only in the ALJ's subsequent RFC determination which did not include handling and fingering limitations as Plaintiff believes Dr. Brown's opinion requires. However, Dr. Brown's opinion contains no "limitation" on Plaintiff's use of her hands. See R. 347-55. Rather, Dr. Brown evaluated Plaintiff's extremity strength and grip and pinch strength on a scale of one to five, and rated

10

Plaintiff "4/5" on this scale, which correlates to an evaluation of "Mild weakness (movement against resistance)." R. 355. Moreover, Dr. Brown's opinion notes Plaintiff's active range of motion in her fingers and hands, as well as her movement, was normal. R. 354-55. At no point in Dr. Brown's assessment did he state, or even imply, that Plaintiff experienced functional limitations due to her 4/5 ratings on extremity strength and pinch and grip strength. See R. 347-55.

Next, addressing Plaintiff's complaints of frequent urination, Plaintiff argues the ALJ's RFC assessment failed to account for Plaintiff's subjective complaints that her blood pressure medication, Lasix, causes frequent urination. Pl.'s Br., p. 13-16. Plaintiff argues the RFC should have included a limitation indicating Plaintiff would need frequent, unscheduled bathroom breaks. Id. As noted above, the ALJ explained, "the claimant's complaint of frequent urination is unsupported by the record; therefore, I have not included additional unscheduled breaks in my assessment of the residual functional capacity." R. 25. Plaintiff makes no specific argument identifying how the ALJ erred when discrediting Plaintiff's subjective allegations of frequent urination. See generally Pl.'s Br. Moreover, the ALJ articulated "explicit and adequate" reasons for doing so, Foote, 67 F.3d at 1561, as he stated Plaintiff's complaint was "unsupported by the record," R. 25.

The Court finds the RFC is supported by substantial evidence. The ALJ examined evidence from various medical providers and consultative examiners, including Dr. Brown, as well as Plaintiff's own testimony showing the tingling and numbness in Plaintiff's hands did not support a handling and fingering restriction in Plaintiff's RFC. R. 354-55, 561-62, 675. That evidence, as well as the record as a whole, also provided no support for Plaintiff's complaints of frequent urination.

The record evidence provides substantial support for the RFC. The ALJ did not find Plaintiff could perform all ranges of work with *no* limitations. The ALJ instead included several exertional limitations in the RFC that specifically relate to functional limitation evidence before the ALJ. The RFC limits Plaintiff's ability to sit, stand, and walk for long periods, provides weight restrictions, and limits Plaintiff to occasionally balancing, stooping, kneeling, crouching, and crawling. R. 22. The RFC further limits Plaintiff to occasionally climbing ramps and stairs, but precludes climbing ladders, ropes or scaffolds, and limits Plaintiff's exposure to various workplace hazards. Id. There is substantial evidence supporting each of those limitations. Plaintiff still maintains the RFC does not include limitations on Plaintiff's handling and fingering and her need for frequent restroom breaks. However, as explained, the record does not support such restrictions and Plaintiff identifies no specific error in the ALJ's reasoning not to include such restrictions.

All in all, the RFC is consistent with the record evidence. While one could credit the evidence differently to justify adding further limitations in the RFC, that is not the province of the Court. The Court's job is not to review the administrative record *de novo*, but rather is to review the record for substantial evidence to support the Commissioner's factual findings, and if so found, uphold the Commissioner even if the evidence preponderates in favor of the claimant. See Crawford, 363 F.3d at 1158-59; Moore, 405 F.3d at 1211. The RFC here is supported by substantial evidence.

**B.     The ALJ Properly Relied on the Testimony of the VE**

In an argument that dovetails with the now-discredited argument that the ALJ erred in formulating the RFC, Plaintiff contends the ALJ's reliance on the VE's testimony is not supported by substantial evidence. Plaintiff argues that because the hypothetical upon which the ALJ relied did not include the more restrictive limitations which, as discussed above,

12

Plaintiff believes should have been incorporated into the RFC, the VE's testimony cannot support the ALJ's decision Plaintiff can perform her past relevant work as a Telemarketer. Pl.'s Br., pp. 17-19.

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence.  McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985).  "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question [to the VE] that accounts for all of the claimant's impairments."  Barchard v. Comm'r of Soc. Sec., 628 F. App'x 685, 687 (11th Cir. 2015) (citation omitted); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (same).  However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence.  Crawford, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

As discussed above, the ALJ's decision to not incorporate into the RFC handling and fingering limitations and frequent restroom breaks was supported by substantial evidence.  Thus, the ALJ did not have to incorporate these restrictions into the hypotheticals presented to the VE.  See Crawford, 363 F.3d at 1161.

The characteristics of the person in the hypothetical presented by the ALJ to the VE, and relied upon by the ALJ to conclude Plaintiff was not disabled, incorporated all the supported restrictions in Plaintiff's RFC, including limitations to:  (1) lifting, carrying, pushing, and/or pulling 20 pounds occasionally and 10 pounds frequently, (2) occasionally balancing as defined in the SCO, (3) occasionally stooping, kneeling, crouching, and crawling, (4)

13

occasionally climbing ramps and stairs but never climbing ladders, ropes, or scaffolds, and (5) no more than occasional exposure to workplace hazards such as moving mechanical parts or unprotected heights, pulmonary irritants such as fumes, odors, gases, poor ventilation, and wetness.  R. 77-78.  The restrictions for which Plaintiff argues were not required to be included in the RFC, and thus the ALJ did not have to include those limitations in the hypothetical to make the disability determination.  See Borges v. Comm'r of Soc. Sec., 771 F. App'x 878, 883 (11th Cir. 2019) (*per curiam*).  In sum, because the hypothetical presented to the VE, upon which the ALJ relied to find Plaintiff was not disabled, accurately and comprehensively reflected Plaintiff's characteristics as determined by the ALJ in formulating the RFC, the ALJ's reliance on the VE testimony was proper.  See McSwain, 814 F.2d at 619-20; Pendley, 767 F.2d at 1562-63.

IV.   **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 9th day of February, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA